LUCAS, Judge.
Finding no merit in the arguments raised by Sun 'N Lake of Sebring Improvement District in this appeal, we are bound to affirm. We write, however, to correct an apparent misconception held by the parties and the court below. The Improvement District has posited-and Mr. and Mrs. Ayala and the trial court seem to agree-that the issue of whether sovereign immunity bars a claim arising under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201-.23, Fla. Stat. (2016), against a state agency or subdivision is a matter of first impression in Florida.[1] But that is incorrect. See Curcio v. Fla. Dep't of the Lottery, 164 So.3d 750, 754 (Fla. 1st DCA 2015) ("[A]lthough sovereign immunity has been waived for breach of contract claims against the State and its agencies, *573 sovereign immunity has not been waived for the unfair and deceptive trade practices and misleading advertising claims asserted by Appellant. These claims are not common law tort claims subject to the waiver of sovereign immunity in section 768.28, Florida Statutes ; they are statutory claims arising under part II of chapter 501 ... and section 817.41 ... respectively. Neither of those statutes contains a clear and unequivocal waiver of the State's sovereign immunity ...." (citation omitted)); cf. Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602, 609 (Fla. 2d DCA 1997) (explaining that "FDUPTA constitutes a substantive law" and "represents a statutory manifestation of a legislative policy decision that the consuming public is entitled to expanded remedies for recovering economic losses suffered as a consequence of deceptive and unfair trade practices and acts"). The parties have not argued the applicability or persuasiveness of Curcio or Delgado, either on appeal or in the proceedings below. Accordingly, we affirm without consideration of those cases.
Affirmed.
NORTHCUTT and BLACK, JJ., Concur.

From that shared assumption, the arguments in this appeal revolved almost entirely around whether the nature of a Florida Deceptive and Unfair Trade Practices Act (FDUPTA) claim could be likened to an "intentional tort."